# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| MICHAEL S. POLSKY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 05-6045-CV-SJ--FJG |
| | ) Crim. No. 02-6005-01--CR-SJ-FJG |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is movant's Motion for a Certificate of

Appealability (Doc. # 10).

## I. BACKGROUND

On January 31, 2003, Mr. Polsky pled guilty to two counts of aiding and abetting

mail fraud and one count of aiding and abetting wire fraud.  The plea agreement stated

that his base offense level was six. The agreement also provided that the loss

applicable to his conduct was more than $500,000, but less than $800,000 for a base

level offense increase of 10.  Another two points were added because the offenses

involved more than minimal planning or involved a scheme to defraud more than one

victim.

However, during the presentence investigation and the sentencing hearing, the

district court increased Mr. Polsky's sentence by adding adjustments.  The base level

was increased by eleven points, because the court was persuaded that Mr. Polsky

defrauded others of more than $800,000 but less than $1,500,000.  The district court

also added two points for using "sophisticated and complex methods of deception."  The

district court also added two points for defrauding multiple victims and partaking in more than minimal planning.  The sentencing hearing was held on July 1, 2003 and judgment was entered on July 9, 2003.  Mr. Polsky argues that the facts supporting the sentencing adjustments were neither admitted by him nor found beyond a reasonable doubt by a jury.  The issue which Mr. Polsky presents for review is as follows:

1.  Were his Constitutional rights violated when the district court sentenced him to terms of imprisonment based upon judicial fact-finding by a preponderance of the evidence?

## II. DISCUSSION

28 U.S.C. § 2253(c)(2) states that a certificate of appealability ("COA") may issue under paragraph (1) only if "the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court stated:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

Mr. Polsky argues that under Blakley v. Washington, 542 U.S. 296 (2004) as applied in United States v. Booker, 543 U.S. 220 (2005), the district court's application of adjustments and enhancements under Chapter 2 of the United States Sentencing Guidelines pursuant to facts found by a preponderance of the evidence by the court

2

violated Mr. Polsky's Constitutional rights, meriting relief under 28 U.S.C. § 2255. Mr. Polsky states that under the reasoning of Blakely, facts which supply a basis for sentence modifications under the "offense conduct" and "adjustment" provisions of the United States Sentencing Guidelines must either be admitted by the defendant, charged in the indictment or submitted to the jury and proven beyond a reasonable doubt. Mr. Polsky argues that the Blakely opinion as extended and reaffirmed by Booker has retroactive application to cases pending on collateral review because Blakely constitutes a "watershed" rule of criminal procedure that merits retroactive application in habeas proceedings. Mr. Polsky argues that in order to obtain a certificate of appealability, he need only show that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 (1983).

The Government argues in response that a certificate of appealability should not be issued because if Mr. Polsky's claim were considered under § 2255, his claim would be dismissed due to the Eighth Circuit's recent holding that the "new rule" announced in Booker cannot be applied retroactively. The Government states that if the rule is not applicable to habeas petitions, then it cannot serve as the basis for a successive § 2255 motion.

The Court agrees. In United States v. Stoltz, No. 04-3968, 2005 WL 2484417, (8th Cir. Oct. 10, 2005), the Court held that Blakely does not apply retroactively on collateral review. The Court stated as follows:

> This case is controlled by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 746, 160 L.Ed.2d 621 (2005) and Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005). In Never Misses A Shot, this

3

court held that <u>Booker</u> did not apply retroactively on collateral review. . . . Although a new rule of criminal procedure announced by the Supreme Court applies to all criminal cases then pending on direct appeal, it does not apply to convictions that are already final, except in limited circumstances. . . . Where a conviction is final, the new rule is retroactive only if it is either a substantive rule or a "watershed rule" of procedure implicating the fundamental fairness and accuracy of the criminal proceeding. . . .  The Eighth Circuit previously held in <u>Moss</u> that <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not of "watershed magnitude" and thus does not apply in collateral proceedings. . . . Following <u>Moss</u>, <u>Never Misses A Shot</u> held that <u>Booker</u> does not affect criminal convictions that became final before <u>Booker</u> was decided. . . . Just as <u>Booker</u> cannot be applied retroactively, neither can <u>Blakely</u>.

<u>Stoltz</u> at *1 (internal citations and quotations omitted).  The Court also noted that "[e]very circuit court to consider the issue has held that <u>Blakely</u> is not retroactive."  <u>Id</u>. at *2.  <u>See</u> <u>also</u> <u>United States v. Mancias</u>, No. 04-3696, 2005 WL 3076373 (8th Cir. Nov. 17, 2005)("<u>Never Misses A Shot</u> squarely forecloses Mancias's § 2255 claim.").

### III. CONCLUSION

Therefore, because the Eighth Circuit has determined that neither <u>Blakely</u> nor <u>Booker</u> apply retroactively, the Court finds that there is no basis for issuing a Certificate of Appealability because Mr. Polsky has not shown that it is debatable whether his petition states a valid claim of the denial of a constitutional right or that jurists would find it debatable whether the district court was correct in its procedural ruling.  Accordingly, petitioner's Motion for a Certificate of Appealability is hereby **DENIED** (Doc. # 10).

Date:  January 24, 2006             **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                     United States District Judge

4